IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-00092-CG |
| | * | |
| v. | * | |
| | * | |
| CHARLES EZEKEL CUTTS | * | |
| aka ZEKE | * | |

### AMENDED PRELIMINARY ORDER OF FORFEITURE

WHEREAS in the Indictment in the above-entitled action, provided the notice required by Federal Rule of Criminal Procedure 32.2 (a), which notified the defendant, **CHARLES EZEKEL CUTTS**, that upon his conviction of one or more of the violations alleged therein, including making a false statement in connection with an attempt to acquire a firearm, in violation of Title 18, United States Code, Section 922(a)(6), and knowingly possessing a firearm as a prohibited person, a violation of Title 18, United States Code, Section 922(g)(4); the United States would seek forfeiture of certain property, in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2464(c);

AND WHEREAS based upon the Information, and the blind plea entered on July 23, 2015, at which time the defendant, **CHARLES EZEKEL CUTTS,** pleaded guilty to Counts One, Two and Three of the indictment;

AND WHEREAS the United States has submitted evidence in support of forfeiture of the property described below and established the requisite nexus between the property and the offense, and for the reasons stated, it is hereby;

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Federal Rule of

Criminal Procedure 32.2(b), the property identified as follows is hereby forfeited to the United States, for disposition according to law:

1. One Glock, .45 caliber pistol, serial number SHZ331;
2. One Mossberg 835, 12 gauge shotgun, serial number UM580104;
3. One Oviedo, Mauser style, .308 caliber rifle, serial number OT-265609;
4. One Walther, PK380, .380 caliber semiautomatic pistol, serial number PK065559;
5. One Smith & Wesson, Model 10, .38 caliber revolver, serial number 26024;
6. One Smith & Wesson, Model 36, .38 caliber revolver, serial number 1J2202;
7. One Smith &Wesson, unknown model, .38 caliber revolver, serial number 37345;
8. One Browning, Light 12, 12 gauge shotgun, serial number 42908;
9. One Mossberg (Western Auto), 500 C, 20 gauge shotgun, serial number J156681;
10. One Remington, 770, .243 caliber, rifle, serial number M71571683;
11. One Browning, A5, 12 gauge, shotgun serial number 74V28206;
12. One Marlin, 336CC, .30-30 rifle, serial number 17073928;
13. One Browning, A5 Light 12, 12 gauge shotgun, serial number 71611
14. One Remington, 7400 .30-06 rifle, serial number 8500686;
15. One Remington, Nylon, .22 caliber rifle, serial number unknown;
16. One Marlin, 336 .35 caliber rifle, serial number 26079246;
17. One Remington, 1100, 12 gauge shotgun, serial number N831187V;
18. One Winchester, 140 Ranger, 20 gauge shotgun, serial number N914973;
19. One Remington, 742, .243 caliber rifle serial number B7260587;
20. One Ruger, 10/22 Sporter, .22 caliber rifle, serial number 828-10224;
21. an American Arms CO., Victory, 12 gauge shotgun, serial number unknown;
22. One Browning, BAR .30-06 rifle, serial number BAR1M078;
23. 1346 Rounds assorted ammunition, unknown caliber;
24. 1245 Rounds assorted ammunition, unknown caliber;
25. 50 Rounds Remington ammunition, 380 caliber;
26. 8 Rounds assorted ammunition, 380 caliber.

AND WHEREAS, by virtue of said guilty plea, confession of forfeiture, and nexus between the property and the offense, the United States is now entitled to, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties of this Order who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED**:

That based on the foregoing and Fed.R.Crim.P 32.2(b), the above-described property is hereby forfeited to and vested in the United States of America for disposition according to law, subject to the provisions of Title 21, United States Code, Section 853(n).

That the aforementioned property is authorized to be held by the United States Marshals Service or any authorized agent involved in this case to retain in their secure custody and control and dispose of it in accordance with law.

Following issuance of this Order the government must publish notice of it, and send notice to any person who reasonably appears to be a claimant with standing to contest the forfeiture in an ancillary proceeding. Rule 32.2(b)(6)(A) and (D). Further, pursuant to the Attorney General's authority to determine the manner of publication of an Order of Forfeiture provided by Title 21, U.S.C., § 853(n)(1), and in accordance with the acceptable means of publication described by Rule 32.2(b)(6)(C), as further described in the provisions of Supplemental Rule of G(4) of the Federal Rules of Civil Procedure, the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

The notice sent and published must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Rule 32.2(b)(6)(B). More specifically, said notice shall state that any person, other than the defendant, having or asserting a legal interest in any property ordered forfeited to the United States, may within 30 days of the final date of publication of notice or his receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his alleged

interest in the property. 21 U.S.C. § 853(n)(1). It shall further state that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title or interest, and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2)-(3).

The petition must be filed with the Clerk of the Court, 113 St. Joseph Street, Mobile, Alabama 36602 and a copy served upon Assistant United States Attorney, Gloria A. Bedwell, 63 South Royal Street, Suite 600, Mobile, Alabama 36602.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third-party petitions. 21 U.S.C. § 853(n)(7). The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward three (3) certified copies of this Order to Assistant U.S. Attorney Gloria A. Bedwell, U.S. Attorney's Office, Southern District of Alabama.

DONE and ORDERED this 30th day of October.

s/CALLIE V. S. GRANADE
UNITED STATES DISTRICT JUDGE