IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-00092-KD |
| ) | |
| CHARLES EZEKIEL CUTTS, ) | |
|     Defendant ) | |

## ORDER

This matter is before the Court pursuant to the third party claims asserted by Ruby Cutts and Elbert Ray Adams. (Docs. 36-38). Upon consideration, and for the reasons discussed below, the claims are **DENIED**.

**I.    Background**

On July 23, 2015, Defendant Charles Cutts was convicted of violating 18 U.S.C. §§922(a)(6), (a)(1)(A), and (g)(4). As part of the criminal proceedings against the Defendant, the government sought to have 22 firearms and 2,649 rounds of ammunition criminally forfeited. On October 8, 2015, the Court entered a Preliminary Order of Forfeiture ("POF") (Doc. 25). In the POF, the Court ordered that 22 firearms were to be preliminarily forfeited. (Id.) On October 30, 2015, the Court entered an Amended Preliminary Order of Forfeiture ("APOF"). (Doc. 32). Upon comparison of the POF and the APOF, it appears the only amendment to the APOF was the inclusion of 2,649 rounds of ammunition in items 23-26 on page 2, which were not included in the POF. (Compare Doc. 25 with Doc. 32).

The Court incorporated the APOF in the Judgment and Conviction. (Doc. 39 at 6). Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), the forfeiture became final as to the Defendant. However, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture was not final as to any third parties who timely filed petitions asserting interests in the property to be forfeited. *See*

Fed. R. Crim. P. 32.2(b)(4)(A) ("When Final. At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as third parties until the ancillary proceeding is concluded under Rule 32.2(c).").

The relevant portions of 28 U.S.C. § 853(n), which provides a mechanism for third parties to lay claim to criminally forfeited property, reads as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property....
> ....
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of evidence that—
>
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>>
>> (B) The petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n). "Thus, section 853(n) allows a third party to defeat the government's claim to forfeited property in one of two ways: by establishing that her own interest is superior to that of the defendant's or by demonstrating that she was a bona fide purchaser of the property, that is, one who purchased the property for value reasonable without any cause to believe that the property was subject to forfeiture..." *United States v. Jimerson,* 5 F.3d 1453, 1455 (11th Cir. 1993). "Section 853…does not contain an innocent owner provision; as a result, her alleged

innocence, standing alone, cannot defeat the Government's interest in criminally forfeited property." *Id*.

On November 6, 2015, Claimants Ruby Cutts (the Defendant's wife) and Elbert Ray Adams (the Defendant's step-father) made claims to all of the firearms addressed in the POF and APOF.[1] (Docs. 36-38). The criminal matter concluded without adjudication of these third party rights.

In what appears to be an attempt to obtain clear title to the property at issue, in January 2016, the United States initiated a parallel civil forfeiture proceeding (civil action number 16-CV-00092-KD-N, *United States of America v. One Glock et al*). The United States engaged in the required publication and provided notice to Elbert Adams and Ruby Cutts. (Docs. 4-9 in the civil docket). No third party claims were filed in the civil matter. On May 23, 2016, the United States moved for a final order of forfeiture. (Doc. 12 in the civil docket). The filing of this motion drew the Court's attention to the incomplete criminal forfeiture action and the Court determined that third party claims filed in the criminal action required adjudication via an ancillary proceeding pursuant to Fed. Crim. P. 32.2 and 21 U.S.C. § 853.

## II.     Forfeiture Hearing

On July 13, 2016, the Court held a hearing in this matter. Both Claimants Elbert Adams ("Adams") and Ruby Cutts ("Claimant Cutts") were present. Assistant United States Attorney Gloria Bedwell was present on behalf of the United States.

### A.     Elbert Adams' Claims

Adams has filed a claim for 3 firearms: a Remington 770, .243 caliber rifle, serial number M71571683; a Remington Nylon .22 caliber rifile, serial number unknown; and a Winchester

---

[1] There may be some dispute as to One Smith & Wesson *Model 10, .38 caliber revolver, serial number C671240 and* One Smith & Wesson *unknown model, .38 caliber revolver, serial number 37343* as there is a variation that may be a typographical error in the serial numbers. However, it seems a claim to both of these guns was attempted.

140 Ranger, 20 gauge shotgun, serial number N914973. (Doc. 36). At the hearing, Adams testified that he had given these firearms to the Defendant for the Defendant to clean them. Adams estimated that he gave the firearms to the Defendant in April 2015 and stated that this was the only time he had given these firearms to the Defendant. Adams stated that he did not have any bills of sale for the firearms.

The United States presented evidence via the testimony of an agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives Agency ("ATF"). The agent's testimony revealed that in 2013, the Flomaton Police Department ("FPD") seized a number of firearms from the Defendant following a domestic call to the Cutts' residence. These firearms were later released to a relative of the Defendant. A copy of a November 13, 2013 Release of Property ("Release") from the FPD was entered into evidence at the hearing. (Doc. 45-1). The Release lists five firearms seized from the Defendant in 2013. At least one, and likely two of the three firearms currently claimed by Adams were listed as property seized from Defendant Cutts in 2013. (Doc. 45-1).[2]

The evidence presented by the United States calls Adams' credibility into question as some of the same firearms he claims he never gave to the Defendant until 2015 were in the Defendant's possession in 2013. Upon consideration, the Court finds that Adams failed to meet his burden of establishing, by a preponderance of the evidence, that he had "legal right, title, or interest in the property … at the time of the commission of the acts which gave rise to the forfeiture of the property" or that he was a "bona fide purchaser." § 853(n)(6)(A)-(B). Accordingly, the firearms to which Adams makes claims (Doc. 36 at 2) are due to be **FORFEITED** to the United States of America.

---

[2] The Court notes that the Remington Nylon listed in the release of property has a serial number but Adams' claim indicates that the serial number is unknown. The serial numbers of the Remington 770 match. (Compare Doc. 45-1 with Doc. 36 at 2).

B.    **Ruby Cutts' Claims**

The three firearms to which Ruby Cutts asserts an individual claim are: One Glock, .45 caliber pistol serial number SHZ331; One Walther, PK 380, .380 caliber semiautomatic pistol, serial number PK065559; and One Ruger, 10/22 Sporter, .22 caliber rifle, serial number 828-10224. (Doc. 38 at 2-3). Though other firearms are listed in the Petition at Doc. 37, Claimant Cutts' interest (as she described it) in these firearms would not be vested in her rather than the Defendant, or be superior to the Defendant's interest. *See* § 853(n)(6)(A). For example, the petition indicates that several of the firearms were purchased by the Defendant at firearm shows or were left to the couple following the death of a family member. (Doc. 37). Thus, the Court focuses only on the three firearms specified above, which the petition indicates Cutts may have a claim. (Doc. 38).

In her Petition, Claimant Cutts claims that Glock and Walther were purchased by her husband and gifted to her by her husband for her exclusive use. (Doc. 38 at 2). The Petition states that Claimant Cutts purchased the Ruger herself. (Id. at 3). At the hearing, Claimant Cutts stated that some of the firearms were "marital property" or "a gift." However, other than these passing statements, she presented no credible evidence from which the Court could conclude that the interest in the firearms was hers rather than the Defendant's, that her interest was superior to that of the Defendant, or that she was a bona fide purchaser.

Additionally, the 2013 Release from the FPD lists a Glock .45 caliber pistol serial number SHZ331 as one of the guns taken from the Defendant. This goes against the information provided in Claimant Cutts' petition, indicating that the Defendant gave her this gun for her exclusive use. While the gifting may have occurred after this incident, there is no evidence before the Court of this. If anything, the evidence before the Court indicates that they both

5

possessed the weapon, not that she has an interest superior to the Defendant's. Thus, Claimant Cutts has not satisfied either prong of § 853(n)(6) by a preponderance of the evidence. Accordingly, the firearms she claims are **FORFEITED** to the United States.

### III.   Conclusion

Based on the evidence before it, the Court concludes that the United States is entitled to forfeiture of the firearms at issue in this matter. Pursuant to Fed. R. Crim. P. 32.2, as the ancillary proceedings have now concluded and the Court has determined that the third party claimants are not entitled to the firearms, the forfeiture is **FINAL**.[3] The United States shall provide the Court with a proposed final order of forfeiture on or before **August 10, 2016**. Once this criminal forfeiture is concluded, the United States is directed to amend its motion for final order of forfeiture in civil action number 16-CV-00092-KD-N, *United States of America v. One Glock et al*, to remove any firearms and/or ammunition previously forfeited via this criminal proceeding.

**DONE** and **ORDERED** this **3rd** day of **August 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* Fed. R. Crim. P. 32.2(b)(4)(A) ("When Final. At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as third parties until the ancillary proceeding is concluded under Rule 32.2(c).").